Field, /.
delivered the opinion of the Court.
The grand jury in the Circuit Court of Rappahannock county, presented the defendant for perjury, in falsely, wilfully and corruptly swearing that John Grimsley, an infant under the age of 21 years, was of full age; in consequence of which, the clerk issued a license to authorize the solemnization of a marriage between the said John Grimsley and Peggy Utz. Upon this presentment, the attorney for the Commonwealth filed an information for perjury in the usual form, but it did not conclude “ against the form of the statute;” nor did it charge that the oath had been taken in order to procure the license; nor that the marriage had taken place. To this information, the defendant filed a demurrer, in which the attorney for the Commonwealth joined. The attorney for the Commonwealth after-wards offered a new count, which he asked leave to file as an amendment to his information. This new count is a copy of the one filed, with the addition of the words “against the statute in such case made and provided.” The defendant objected to the filing of the new count: whereupon, with the assent of the defendant, the Circuit Court of Rappahannock adjourned to this Court, for decision, the following questions:
1st. Does the offence charged in the information amount to a misdemeanor ?
2d. What judgment should be rendered on the demurrer ?
3d. Does the offence set forth in the new count now proposed to be filed, amount to perjury under the statute ?
4th. Is it competent for the Court, for good cause shewn, to permit the attorney for the Commonwealth to amend his information by filing such new count.
*556 One of the essential ingredients in the crime of perjury is, that the false oath had been administered by competent authority. In this case the oath was administered (as is usual) by the clerk of the Court, deriving his authority to administer the oath, as he no doubt supposed, from the general law empowering the clerks of Courts and their deputies to administer oaths out of Court. That law is to be found in the 1st volume of the Revised Code of 1819, page 275, section 12; and prescribes that, “The several clerks of Courts of this Commonwealth, and their deputies, shall be empowered to administer oaths in all cases wherein an affidavit is necessary as the foundation of any official act to be performed by such clerk; which affidavit shall be filed, and shall in every respect be as effectual as if the oath thereto had been administered by a justice of the peace.” From the language of this law it is evident that the affidavit referred to, should be a written affidavit; that the party should make oath thereto; and if thereafter prosecuted for perjury in respect to such affidavit, the indictment or information should be made upon the affidavit. From the proceedings in this case it does not appear that the affidavit has been made in this form. We do not deem it necessary, however, to decide this case upon this point. We think the law does not apply to the case of issuing a marriage license. The clerks of Courts in many cases issue a marriage license without any oath or affidavit. This is uniformly done where the parties who contemplate the marriage are known to the clerk to be of full age. This being a prosecution highly penal and degrading in its consequences, the law under consideration should receive a strict construction. It should be held to apply to such cases only, in which without regard to circumstances, the making of the affidavit is rendered necessary as a prerequisite to the performance of the official act which the clerk is called upon to perform. The necessity contemplated by the law of re *557 quiring the affidavit to be made as the foundation of the clerk’s official act, is a necessity which does not arise from the circumstances of the case : but a necessity arising from the law itself. This construction derives no little support from our knowledge of the law in relation to such marriage licenses as are issued upon the written consent of the parents or guardians of infants; in which the law requires that the consent shall be given in writing under the hand and seal of the parent or guardian, and be attested by two witnesses; and the execution thereof proved by one of the witnesses. In a case of this sort, express authority is given by the law to the clerk to administer the oath to the attesting witness, who may appear before him to prove the execution of the paper. 1 Rev. Code, p. 398, § 16. If the general law above referred to, is to be regarded as applicable to a class of affidavits in which the affidavit might, or might not, as the circumstances were, be necessary, the passage of the law last referred to was unnecessary. Taking this view of the law, we are of opinion that the offence charged against the defendant does not amount to perjury. It would seem that when the oath was taken in order to procure a marriage license, and the license issued and the marriage had accordingly, the party may be indicted for a misdemeanor. Russel & Ryan’s Cases 459, 2 Russel on Crimes, 5th American edition 599; 8 East’s R. 364. But this is not charged in the presentment, nor in either count of the information: and although it is competent for the Court, in a proper case, to permit the attorney for the Commonwealth to file an amended information, yet in this case such leave should not be given, as the offence as charged in the presentment does not amount to a misdemeanor. We do therefore decide:
1st. That the offence charged in the information does not amount to a misdemeanor.
2d. That the demurrer to the information should be sustained.
*558 3d. That the offence set forth in the new count offered to be filed does not amount to perjury under the statute.
4th. That the motion to file the new count to the information should be overruled. Which is ordered to be certified.